By the Court,
Grtmke, Judge.
The plaintiff in this case declares-in trespass, against the city of Cincinnati and two individuals, charging them jointly with having broken and entered upon his premises and prostrated and destroyed several buildings, etc. To this is general-demurrer. This is the first instance, if we except- some very old cases which are alluded to in Yarboro v. The Bank of England. 16 East. 6, *30 in which this action has been attempted to be supported against a corporation : and to be sure, if the denial of the suit would draw after it, as a necessary consequence, the denial of any effectual remedy, that circumstance would afford a powerful argument why it should be sustained. But that consequence will not follow. Another remedy more appropriate and equally effectual will lie ; and the question is, whether a form of action which presupposes the injury to have been committed with force,' can be resorted to ?
In Yarboro v. The Bank of England, it was held that trover would lie against a corporation : and certainly it is not true, as has sometimes been said, that no suit at common law can be sustained against ■a corporation for a tort. The case of Argent v. Dean, etc., of St. Paul’s, cited in 16 East. 8, note, was against a corporation for a false return to a writ of mandamus, and no objection was made that the action would not lie. Indeed instances are numerous of like suits without ebjection. Riddle v. Proprietors of the Locks, etc., on the Merrimack River, 7 Mass. 186, was trespass on the case against a corporation. There it was contended that trespass would lie against a corporation; and that trespass on the case in its origin, was merely an extension of the action of trespass vi et armis, the old writ of trespass being applicable only in a few instances, it was attempted to enlarge its scope so as to adapt it to'every new case. But notwithstanding in ancient times, the action of trespass on the ease, as well as trespass proper, was laidm et armis, as well as contrapacem, it is never so laid now. No two actions are kept more separate and distinct from each other, and therefore it was determined in the Massachusetts case, that an action on the case would lie against a corporation. The case of The Chestnut Hill, etc., Turnpike Co. v. Rutter, 4 Serg. & R. 6, was also an action on the ease, and the judge who delivered the opinion, after *re viewing all the authorities, decided that the action was maintainable. Thus trover, ease, and an action for a false return, have all been decided fit remedies against a corporation: but no instance is found, since case and trespass have ceased to be confounded with each other, of trespass vi et armis against a corporation aggregate. In Orr v. Bank United States, et al, 1 Ohio, 37, this court decided that trespass for assault and battery would not lie against a corporation; and it is difficult to perceive any material distinction between the two cases. The whole reasoning proceeds upon the inconsistency of suing a corporation in a form of action which presupposes the injury to have been committed with force and arms, and is, therefore, equally appli *31 cable to trespass upon the person and upon reality. It is true the objection may be denominated a technical one; but even a technical rule, after it has become a general one, should for that reason alone be preserved, unless manifest inconvenience would be the consequence. But here none such can result. The individual members of the corporation would be liable in their personal capacity, if the circumstances of the case would warrant it.
The only remaining question is, whether, as Mason and Griffin are joined in the suit, they may take advantage of the demurrer? The rule is, that if several persons be made defendants jointly, where the tort could not in point of law be joint, they may demur. And it is only where, in point of fact and of law, several persons might have been guilty of the same offence, that the joinder of more persons than were liable, in a personal or mixed action, offers no objection to a partial recovery. 1 Ch. Pl. 99 Here the tort complained of could not in point of law be joint, and the demurrer must, therefore, be sustained in favor of all the defendants.